## McGOWAN, Collector of Internal Revenue, v. LAZEROFF.
### No. 242.
Circuit Court of Appeals, Second Circuit.
March 26, 1945.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, A. F. Prescott, and George J. Laikin, Sp. Assts. to Atty. Gen., George L. Grobe, U. S. Atty. of Buffalo, N. Y., and Goodman A. Sarachan, Asst. U. S. Atty., of Rochester, N. Y., for appellant.

MacFarlane, Harris & Goldman, of Rochester, N. Y. (Ruben A. Dankoff, of Rochester, N. Y., of counsel), for appellee.

Before EVANS and CHASE, Circuit Judges, and HINCKS, District Judge.

PER CURIAM.

The only question involved in this appeal is whether salesmen engaged by the taxpayer-appellee to make house-to-house sales of the appellee's merchandise were "employees" of the appellee and as such subject to the Social Security Act, 42 U.S. C.A. § 301 et seq. The only compensation of the salesmen was on a commission basis. Under the prevailing arrangement they furnished their own transportation and were completely free to solicit sales when, where and how they pleased. The trial judge held that these salesmen were not employees but independent contractors, re-

lying largely upon Radio City Music Hall Corporation v. United States, 2 Cir., 135 F.2d 715, and Texas Co. v. Higgins, 2 Cir., 118 F.2d 636. With this holding we agree.

■ The appellant, in contending to the contrary, asserts that the taxpayer had an unlimited right to discharge the salesmen. As to this, it must be borne in mind that under the informal engagement of the salesmen, it was implicit on both sides that the arrangement might be terminated by either party at will. The agreement, if viewed as one bringing into existence a continuing relationship, contained an implied provision calling for termination at the will of either party. Surely the inclusion of such a provision in the informal arrangement could not serve to transform the contract into one of employment. Cf. Northwestern Mutual Life Insurance Co. v. Tone, 125 Conn. 183, 4 A.2d 640, 121 A. L.R. 993.

On the other hand, the arrangement might well be viewed as a succession of similar agreements for separate transactions. For when a sale under the arrangement had been fully accomplished, the salesman was under no legal obligation to render further services and the taxpayer was under no obligation to let the salesman have further merchandise on consignment with a view to its sale. Thus viewed, the business relationship was one that could be legally terminated at the close of any transaction by a mere failure to renew, as distinguished from a positive act of termination. In such a situation, the taxpayer's *power to terminate* a relationship, for which no definite term had been fixed, was entirely consistent with the salesmen's status as independent contractors, and must not be confused with a right to discharge which is symptomatic of the relationship of master and servant.

■ The appellant further contends that the finding of a right reserved to the taxpayer to fix the retail prices at which the salesmen might sell demonstrates the master and servant relationship. But the reservation of this right to the taxpayer betokens not at all the reservation of a right to interfere with the mode or detail of the service contracted for; it was at most a definition of the precise service desired. To be sure, a contract calling for a sales effort to sell at a specified price is a contract narrower in scope than one calling for effort to sell at any price. But a contract for services is none the less inde-

pendent because its scope is narrow. The absence of a supervisory power to control the method and detail of performance is the significant factor for present purposes. Indeed, it will be noted that in Texas Co. v. Higgins, supra, the alleged employer reserved and exercised the power to set retail prices. Yet, notwithstanding, it was there held that the relationship of master and servant was absent.

It is accordingly ordered that the judgment be affirmed.