**STERNS v. CLAUSON.**
Civ. A. No. 863.

United States District Court
D. Maine, S. D.

Aug. 3, 1954.

Frank M. Coffin, Lewiston, Me., for plaintiff.

A. Barr Comstock, Sp. Asst. to Atty. Gen., Peter Mills, U. S. Atty., Farmington, Me., for defendant.

CLIFFORD, District Judge.

This is an action to recover taxes, penalties, and interest, assessed and collected under the Federal Unemployment Tax Act, 26 U.S.C.1946 ed. § 1600 et seq., in the amount of $231.78 for the calendar years 1947 and 1948, with statutory interest thereon.

During the years in question, the plaintiff was engaged in the business of selling at retail, household merchandise, appliances, and furniture under the name of United Home Equipment Company. His store was located in Waterville, Maine. Throughout this two year period, plaintiff utilized the services of various individuals in different capacities. He engaged bookkeepers, store clerks, collector-salesmen, truck drivers, and commission agents.

The basic issue in this case is whether or not the plaintiff was an employer under the Federal Unemployment Tax Act, 26 U.S.C.1946 ed. § 1607(a), which reads as follows:

"(a) Employer. The term 'employer' does not include any person unless on each of some twenty days during the taxable year, each day being in a different calendar week, the total number of individuals who were employed by him in employment for some portion of the day (whether or not at the same moment of time) was eight or more."

This issue was narrowed during the course of the trial. After evidence had been adduced in the form of oral testimony, and exhibits had been presented by both sides on the question of the status and number of people engaged by the plaintiff during the years in question, the crux of the controversy was revealed through the testimony of Mr. James J. George, a witness called by the defense. Mr. George had been a field examiner for the Maine Employment Security Commission for almost sixteen years. He

conducted an extensive examination of plaintiff's records in order to determine liability to the Federal Government and to the State of Maine for unemployment taxes for the years 1947 and 1948. He testified in detail and at great length from records and memoranda compiled by him. Mr. George impressed this Court as a man of integrity, frankness, and fairness. He volunteered the information that the plaintiff was completely cooperative and readily made available to him all pertinent records. Mr. George concluded his testimony by stating that on the basis of his thorough investigation, upon which he spent thirty full days of his time, if he had not counted as employees the commission salesmen, but actually did count all others as employees regardless of how they worked or were paid, the plaintiff would not have been an employer under 26 U.S.C. § 1607(a). Mr. George was the real key witness for the defendant and the agent who had complete charge of the entire investigation from its inception. The defendant relied heavily upon him to prove his case. In view of these facts, therefore, the determination of the basic issue depends upon whether or not these commission salesmen should be regarded as employees or independent contractors within the meaning of the applicable Tax Act.

An employee is defined by the Act as follows:

> "The term 'employee' includes an officer of a corporation, but such term does not include (1) any individual who, under the usual common-law rules applicable in determining the employer-employee relationship, has the status of an independent contractor * * *." 26 U.S.C. § 1607(i).

The plaintiff engaged various persons to sell on a commission basis. The amount received by these salesmen was approximately 15% or 20% of the retail price, and this was their sole remuneration from this plaintiff. They furnished their own transportation personally and paid all expenses. They could sell where they pleased within an area which could be economically serviced by the plaintiff's collectors. No special territory was allotted to them and there were no sales quotas. They were free-lancers and worked solely on the basis that the more they sold the greater the commissions they earned. They could sell for cash or credit at their election. Credit terms were subject to their discretion but credit orders were subject to acceptance by the plaintiff to give him an opportunity to check on the customer's credit rating. These commission salesmen were not responsible for collections and never collected from any of their customers. They had no sales' manuals, and were under no supervision. They could and did leave these jobs whenever they desired, and at their own option. These commission salesmen did not bring customers to the store to choose merchandise. They did not assist in making deliveries. They did not work in the store at any time while engaged as commission salesmen. There was some testimony that on occasion a commission salesman would enter the store and be allowed to use a desk and a telephone, but the Court finds that no regular space or time was allotted to these commission salesmen, and that their occasional use of a desk or telephone was not sufficient to bring them within the classification of employees of the plaintiff under the Act. They were free to look for other work and to work at other jobs and sell other lines of merchandise. In fact, one salesman sold for a competitor with the knowledge of the plaintiff at the time he was selling for the plaintiff. There was no requirement that they were to produce a certain amount of business on penalty of being discharged and replaced. The entire basis of engaging these salesmen was to let those who applied sell what they could while they could, to supplement the sales of the business to the extent of the volume they were able to produce. In short, plaintiff had practically no control over these salesmen.

The facts presented in this case are remarkably similar to the facts in McGowan v. Lazeroff, 2 Cir., 1945, 148 F.2d

512. In that case the Court said at page 512 of 148 F.2d:

"The only compensation of the salesmen was on a commission basis. Under the prevailing arrangement they furnished their own transportation and were completely free to solicit sales when, where and how they pleased. The trial judge held that these salesmen were not employees but independent contractors * * * With this holding we agree."

See also Ewing v. Vaughan, 4 Cir., 1948, 169 F.2d 837, and De-Raef Corp. v. United States, 1937, 70 F.Supp. 264, 108 Ct.Cl. 255, and cases cited therein.

Pertinent cases favorable to the defendant's position and cited by him are the following: Tapager v. Birmingham, D.C.N.D.Iowa, 75 F.Supp. 375; Beckwith v. United States, D.C.Mass., 67 F. Supp. 902; Stone v. United States, D. C.E.D.Pa., 55 F.Supp. 230; Capital Life & Health Ins. Co. v. Bowers, 4 Cir., 186 F.2d 943

These cases cited by the defendant in support of his contentions that the commission agents were not independent contractors, are distinguishable on their facts.

In the Tapager case, cited above, the taxpayer imposed on his salesmen different hours at various times; in the Beckwith case, the salesmen spent several hours on the premises, had full use of the office and also made collections at the direction of the taxpayer; in the Stone case, the salesmen were furnished with a desk, telephone, stationery and calling cards. They were expected to follow leads given by the taxpayer, the taxpayer paid part of their travel expenses, and the salesmen had other duties for which they received no pay; and, in the Capital Life & Health Ins. Co. case, the alleged independent contractors were insurance collection agents and were subject to considerable control by the taxpayer.

Defendant cited the McGowan case, supra, but states merely that it was wrongly decided. This Court believes that the McGowan case was correctly decided and that the instant case falls well within its purview.

The Court is of the opinion that the plaintiff was not an employer under the provisions of 26 U.S.C. § 1607(a). Therefore, the taxes for the recovery of which this action was brought were improperly and illegally assessed and collected.

It is therefore ordered, adjudged, and decreed that Harold Sterns, d/b/a United Home Equipment Company, recover of Clinton A. Clauson the sum of $231.78 with interest as provided by Section 2411 (a) of Title 28 of the United States Code and with costs as provided by Section 2412(b) of said Title 28.

It is further ordered that the Clerk enter judgment in the above matter in accordance with the within order.