UNITED STATES SHOE CORP., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 94–11–00668

(Dated February 7, 1996)

*Seigel, Mandell & Davidson, P.C. (Brian S. Goldstein, Paul A. Horowitz* and *Laurence M. Friedman)* for plaintiff.

*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, *Jeanne E. Davidson,* Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Elizabeth Newsom), Richard McManus,* Office of the Chief Counsel, United States Customs Service, of counsel, for defendant.

*Baker & McKenzie (William D. Outman, II* and *Kevin M. O'Brien)* for Brown-Forman Corporation, Fisher Controls, International Co., Hewlett-Packard Corporation, International Business Machines Corporation, Minnesota Mining & Manufacturing Corporation and Seagate Technology Corporation, *amici curiae.*

*Barnes, Richardson & Colburn (James S. O'Kelly, Robert E. Burke, Matthew T. McGrath, Lawrence M. Friedman, Christopher E. Pey* and *Cindy H. Chan)* for Firmenich, Inc., Amoco Chemical Company and Polaroid Corporation, *amici curiae.*

*Coudert Brothers (Steven H. Becker, Charles H. Critchlow* and *Claire R. Kelly)* for Texaco Refining and Marketing, Inc., American Natural Soda Ash Corp., United Export Corp., ABRO Industries, GSI Exim America, Inc., Vitol S.A., Inc., M-C International D/B/A McLane Group International L.P., Bridgestone/Firestone Inc., Dorland Management, Inc., FAI Trading Co., Star Enterprises, Inc., Vista Chemical Co., Champion International Corp., Champion Export Corp. and ISP Technologies, Inc., *amici curiae.*

*Crowell & Moring (Barry E. Cohen)* for E.I. du Pont de Nemours & Co., *amicus curiae.*

*Dorsey & Whitney P.L.L.P. (John B. Rehm* and *Munford Page Hall, II)* for New Holland North America, Inc., *amicus curiae.*

*Grunfeld, Desiderio, Lebowitz & Silverman, L.L.P. (Steven P. Florsheim* and *Erik D. Smithweiss)* for Boise Cascade Corporation, Etonic Inc., Germain-Webber Lumber Co., Inc., International Veneer Co., Mondial International Corp. and The Heil Co., *amici curiae.*

*LeBoeuf, Lamb, Greene & Macrae, L.L.P. (Melvin S. Schwechter, John C. Cleary* and *Wendy L. Klunk)* for Aluminum Company of America, Alcoa International, S.A., Alcoa Inter-America, Inc., Alcoa Memory Products, Inc., H-C Industries, Inc. and The Stolle Corporation, *amici curiae.*

*Irving A. Mandel, Thomas J. Kovarcik, Steven R. Sosnov* and *Jeffrey H. Pfeffer,* of counsel, for Allied Textiles Sales Company, Sheftel International Inc., Fab-Tech Inc., Sirex, Ltd., Debois Textiles, Inc., Capital Textiles, Inc., M. Kopepel Company, Dumont Export Corporation, United Overseas Corporation, Regent Corporation and Muran Universal, Inc., *amici curiae.*

*McKenna & Cuneo (Peter Buck Feller, Joseph F. Dennin, Michael K. Tomenga, Lawrence J. Bogard* and *Brian O'Shea)* for Swisher International, Inc., *amicus curiae.*

*Neville, Peterson & Williams (John M. Peterson, George W. Thompson* and *James A. Marino)* for Aris-Isotoner, Inc., Berwick Industries, Inc., Chevron Chemical Company, Inc., Chevron Chemical International Sales, Inc., Chevron International Oil Company, Chevron Overseas Petroleum, Inc., Chevron U.S.A., Inc., Fieldston Clothes, Inc., General Glass International Corporation, Microsoft Corporation, The Pillsbury Company, Rhone-Poulenc, Inc., Uniroyal Chemical Company, Inc., Xerox Corporation, Xerox Corporation, Americas Operations Division, Xerox Corporation, Southern California Manufacturing Operations Division and Xerox International Partners, *amici curiae.*

*Rode & Qualey, Patrick D. Gill* and *John S. Rode,* of counsel, for General Chemical Corporation, Sumitomo Corporation of America, Newell International, Siemens Energy & Automation, Inc., Siemens Power Corp., Siemens Medical Systems, Inc., Siemens Transportation Systems, Inc., Siemens Solar Industries and Unisys Corporation, *amici curiae.*

## MEMORANDUM OPINION

RESTANI, *Judge:* The judgment in this action awarded plaintiff $8,281.87, "together with interest and costs as provided by law." *U.S. Shoe Corp. v. United States,* Slip Op. 95–197 (Dec. 4, 1995); *see also U.S. Shoe Corp. v. United States,* 907 F. Supp. 408 (Ct. Int'l Trade 1995). It has come to the court's attention that "interest" is not a matter without controversy and it cannot be resolved as a simple clerical matter. Since the briefing of this issue, however, notice of appeal has been filed and the court lacks jurisdiction to alter the judgment.

Because the issue has been fully briefed under the captioned case by the attorneys involved in the numerous cases stayed hereunder, because the issue is relevant to the lifting of stays as to such cases, and for administrative convenience, the court will address this matter under this caption. At the outset, the court notes that in the absence of express congressional consent, the United States is immune from an interest award. *Library of Congress v. Shaw,* 478 U.S. 310, 314 (1986). Interest is, however, available to claimants when Congress permits such interest to be awarded by statute. *Id.* at 316.

Plaintiff and *amici* contend that interest on plaintiff's payments of the Harbor Maintenance Tax ("HMT") is expressly provided for by 28 U.S.C. § 2411 (1988). That statute provides, in relevant part:

> In any judgment of any court rendered (whether against the United States, * * *) for any overpayment in respect of any internal-revenue tax, interest shall be allowed at the overpayment rate established under [26 U.S.C. § 6621] upon the amount of the over-

payment, from the date of the payment or collection thereof to a date preceding the date of the refund check by not more than thirty days, such date to be determined by the Commissioner of Internal Revenue. The Commissioner is authorized to tender by check payment of any such judgment, with interest as herein provided, at any time after such judgment becomes final, * * *.

The Supreme Court has recognized that section 2411 constitutes an express waiver of sovereign immunity with respect to interest and expressly authorizes prejudgment and postjudgment interest payable by the United States in tax-refund cases. *Shaw,* 478 U.S. at 318 n.6. Furthermore, section 2411 applies when taxes are improperly and illegally collected. *Sterns v. Clauson,* 122 F. Supp. 795, 797 (D. Me. 1954).

This court has held that the HMT on exports constitutes a tax prohibited by the Export Clause of the Constitution. *U.S. Shoe Corp.,* 907 F. Supp. at 418. The HMT is a tax provided for by the Internal Revenue Code. *See* 26 U.S.C. §§ 4461–62 (1994).

Congress, however, has expressly provided in the Water Resources Development Act of 1986, 26 U.S.C. §§ 4461–62, that the HMT is to be treated as a customs duty for the purposes of administration and enforcement as well as jurisdiction. *See id.* § 4462(f)(1)–(2). Additionally, section 4462(f)(3), Title 26, United States Code, provides, in relevant part, that "[t]he tax imposed by this subchapter shall not be treated as a tax for purposes of subtitle F or any other provision of law relating to the *administration and enforcement of internal revenue taxes." Id.* § 4462(f)(3) (emphasis added).

The court finds, however, that any monetary relief granted by the court would not constitute either "administration" or "enforcement" of the HMT as envisioned by 26 U.S.C. § 4462(f)(3). That section is limited to matters of routine administration and enforcement by an agency. The legislative history of the HMT statute explains that the underlying purpose of both section 4462(f)(1) and (3) was to confirm which agency was to have responsibility for collecting and processing HMT payments. *See* S. Rep. No. 228, 99th Cong., 1st Sess. 10 (1986), *reprinted in* 1986 U.S.C.C.A.N. 6705, 6714–15 (stating Customs' strong presence at ports of entry and experience at appraising imported merchandise made it appropriate for Customs, rather than Internal Revenue Service to collect, administer, and enforce HMT). The court also notes that while Congress expressly sought to preclude application of the administrative provisions of the Internal Revenue Code in the collection and processing of the HMT, section 2411 is within Title 28 of the United States Code, which governs the judiciary and judicial procedure, rather than an administrative provision within Title 26 (the Internal Revenue Code).

Furthermore, a money judgment for customs duties protested by ordinary administrative and judicial procedures would include interest calculated in a manner similar to that provided for in 28 U.S.C. § 2411. *See* 19 U.S.C. § 1520(d) (1988); 19 U.S.C. § 1505(c) (1994); 28 U.S.C. § 2644 (1988). Defendant correctly maintains that these statutory pro-

visions, however, do not apply to payments of the HMT where no decision by Customs has been made or no liquidation has occurred. Defendant further maintains that as section 2411 requires the Commissioner of Internal Revenue to take an active role in tendering and setting the date of payment, Congress could not have intended section 2411 to apply to payments of the HMT. The court notes that the issue of *how* payments of any type are to be made is one of administration. Under the statutory scheme, Customs, not the Commissioner, is required to collect payments of the HMT. The court finds that requiring the Commissioner, rather than Customs, to tender and set the date of payment under a strict literal reading of section 2411 or obviating the requirement of interest because Customs administers the statute but did not provide a decision or liquidation, would be illogical and contrary to legislative intent. *See Witco Chem. Corp. v. United States,* 742 F.2d 615, 619 (Fed. Cir. 1984) ("[A]n absurd construction of a statutory provision should be avoided."); *see also Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843 n.9 (1983) ("The judiciary is the final authority on issues of statutory construction and must reject administrative constructions which are contrary to clear congressional intent.").

Reading the applicable statutes *in pari materia* and finding defendant's interpretation of 28 U.S.C. § 2411 and 26 U.S.C. § 4462 as read together unreasonable, the court must construe the statutes, keeping in mind that "[a]ll statutes must be construed in light of their purpose." *Wassenaar v. Office of Personnel Mgmt.,* 21 F.3d 1090, 1096 (Fed. Cir. 1994) (quoting *Best Power Technology Sales Corp. v. Austin,* 984 F.2d 1172, 1175 (Fed. Cir. 1993)); *see also Marlowe v. Bottarelli,* 938 F.2d 807, 813 (1991) (stating rule that "whenever possible courts construe statutes and regulations *in pari materia"*). The court finds that in actions brought pursuant to 28 U.S.C. § 1581(i) (1988 & Supp. V 1993), Congress intended to provide interest on payments of the HMT for exports pursuant to section 2411, but that related administrative actions would be performed by Customs.